IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

NORTHERN DISTRICT, JULY TERM, 1843.

## Post *against* Avery.

5ws509
183  403

An assignment of a cause of action, which is merely colourable, shall not devest the title of the plaintiff so as to make him a competent witness; whatever its legal effect between the parties may be; and every assignment is to be deemed colourable, when no other motive for it can be made to appear.

ERROR to the Common Pleas of *Susquehanna* county.

David Avery against Norman J. Post. This was an action on the case in *assumpsit*. Upon the trial, the plaintiff executed an assignment of all his interest in the cause of action to his son, and was then offered as a witness. The defendant objected, but the court overruled the objection and sealed a bill of exception. A verdict was rendered for the plaintiff.

*Case*, for plaintiff in error, cited 9 *Serg. & Rawle* 20; 5 *Watts* 419; 1 *Watts & Serg.* 147.

*Lusk*, contra, cited 3 *Whart.* 337.

v. — 2 s *                           (509)

[Post v. Avery.]

The opinion of the Court was delivered by

GIBSON, C. J. — The rule that a plaintiff may devest himself of the character of a party by devesting himself of the cause of action, was established in *Steele* v. *The Phœnix Insurance Company*, a few years before I came into the court; and I was among the most steadfast of its supporters, particularly in *M'Ilroy* v. *M'Ilroy*, (1 *Rawle* 345). Certain it is that it is faultless in theory, whatever it may be in practice. To bring himself within it, a nominal plaintiff shows that he has irrevocably parted with the demand in suit; and thus, according to the general principle applicable to questions of interest, he stands before the court a disinterested witness, a mere honorary engagement to restore the fruits of the action to the assignor, being evidence only of bias or an interest going to credibility. The rule, therefore, is technically unobjectionable. But however faultless it may be in form, it is proved by experience to be intolerably mischievous in its consequences. It is used almost daily to let a plaintiff slip out of the garb of a party to put on that of a witness, in what still is palpably his own cause, by means of an assignment to a child, a convenient friend, or a man of straw, while the defendant is bound hand and foot, and exposed defenceless to the assaults of his testimony; and this, too, with scarce the colour of a pretence that he is not the actual party though devested of the *legal* interest. Take the case before us as an instance — and it is a type of all the rest. The plaintiff, for no pecuniary consideration that appears, assigned his claim to the bill of costs, which is the subject of the action, to his own son; and this in the progress of the trial, when it was found that he could not get on without the help of his own testimony. Can it be doubted that the end in view was not to give the claim to the son, but to make himself a witness in the cause? I do not say that there was no consideration for the assignment to vest the title by it beyond recall. The expense, risk, and trouble of the recovery would be sufficient for that; and the plaintiff consequently stood ensconced in the letter of the rule in *Steele* v. *The Phœnix Ins. Comp.*, which is too deeply seated in authority to be eradicated. Nor do we propose to eradicate it, but only to restrain the abuse of it from transforming a plaintiff, at a pinch, into a witness by the magic of a bit of paper. We vainly hoped that the inconvenience of the rule would have attracted the attention of the Legislature, who alone are competent to abolish it; but as nothing is to be expected from that quarter, we are driven by stress of necessity to say that an assignment merely colourable shall not devest the title to make the plaintiff a witness, whatever its legal effect between the parties; and that every assignment is to be deemed colourable when no other motive for it can be made to appear. In the application of this principle, something must be left to the discretion of the Judge, who will take care to be satisfied that the true purpose of the assignment is an actual sale for a

substantial price; and this by the plaintiff's answers on his *voir dire*, or by evidence *aliunde*. Where, however, the transaction passes in the face of the court, the party being at his last shift, there will be no room for evidence in explanation of it. Such a case carries with it its own condemnation. In doubtful cases, the burthen of proof will lie on the party attempting to get rid of the interest; and it will be incumbent on him to clear his motive from suspicion. Even thus qualified, the rule will not be free from peril, as it will enable a party to dispose of an interest which, without his testimony to support it, would be worthless. The circumstances of the case before us show too plainly to admit of contradiction, that the son was only a nominal assignee. We may perhaps have admitted plaintiffs to testify under assignments as palpably colourable; but the frequency and injustice of such cases call, too imperiously to be disregarded, for at least a palliation of the evil.

Judgment reversed.