## Leiper *against* Peirce.

A colourable assignment to make the legal plaintiff a witness, does not divest his interest, and every such assignment is deemed colourable until the contrary appears.

Where, therefore, the cause of action was an account stated by the plaintiff himself, without a voucher or scrap of paper to support it, and could only be recovered by the force of the plaintiff's testimony, and the consideration was not named, and there was no attempt to explain or rebut the presumption of collusion, it was *held*, that the plaintiff was not a competent witness.

ERROR to the Common Pleas of *Delaware* county.

This was an action of *assumpsit* brought by Caleb Peirce for the use of Robert E. Hannum, against Samuel M. Leiper and Peter H. Engle, who survived Archibald T. Dick, to November Term 1841, for work and labour, money paid, laid out and expended, &c.

Upon the trial, Caleb Peirce, the plaintiff, was offered as a witness, and the plaintiff read in evidence the following assignment from Peirce to Robert E. Hannum, of the claim in this suit:

Know all men by these presents, That I, Caleb Peirce of the borough of Chester, in the county of Delaware and State of Pennsylvania, for a valuable consideration to me in hand paid by Robert E. Hannum of the same place, do hereby assign, transfer and set over unto the said Robert E. Hannum, his executors, administrators or assigns, to and for his and their own proper use, without any account to be given for the same, the sum of $603.10, and all other sum and sums of money remaining due and payable upon or by virtue of the annexed account, and all my right, title, interest and demand of, in and to the same, and do give and grant unto the said Robert E. Hannum, his executors, administrators or assigns, full power and authority to demand, sue for, recover and receive the same, to his and their own use, and upon receipt thereof, to give discharges and acquittances of the same or any part thereof; and I the said Caleb Peirce do hereby covenant and agree to and with the said Robert E. Hannum, his executors, administrators or assigns, that the said sum of $603.10 is justly due and owing from the said persons named in the aforesaid annexed account, and that I have not received nor discharged the same nor any part thereof. In witness whereof I have hereunto set my hand and seal the 4th day of September 1841.

CALEB PEIRCE, [L. s.]

Sealed and delivered in the }
　　presence of us,　　　　}
　　SAMUEL ULRICK,
　　JOHN LARKIN, Jun'r.

[Leiper v. Peirce.]

## Account.

Samuel M. Leiper, Peter Hill Engle and A. T. Dick,
To Caleb Pierce, Dr.

|  | Cr. | Dr. |
|---|---|---|
| 1835, Nov. 24, To money expended in conducting the Delaware County Democrat six months, for firm,...... |  | $625.48 |
| 1835, Nov. 24, By money received on subscription to said paper,..................................... | $322.37½ |  |
| 1835, Nov. 24, To services in conducting said paper for six months,................................. |  | 300.00 |
|  |  | 925.48 |
|  |  | 322.37½ |

Balance, $603.10½

The defendants objected to the examination of Peircè as a witness, and the court sustained the objection; whereupon the plaintiff read in evidence the following release from Hannum to Peirce, executed and delivered to Peirce at the bar:

Know all men by these presents, that I, Robert E. Hannum, have released, acquitted, and for ever discharged, and by these presents do release, acquit and for ever discharge Caleb Peirce of and from all claims and demands arising out of or in any way accruing under or by virtue of a certain assignment by the said Caleb to the said Robert dated the 4th day of September 1841.

In the presence of )　　　ROBERT E. HANNUM, [L. S.]
JOSEPH J. LEWIS. )　　　　*November* 28, 1843.

And proved by the court docket that the summons in this suit was issued on the 11th September 1841, and again offered Peirce as a witness. The defendants objected to his admission, but the court overruled the objection and admitted the witness, and the defendant excepted.

The plaintiff then went into evidence of his case, and the jury found a verdict for him.

Error assigned:

The court erred in admitting Peirce to be examined as a witness.

*Edwards,* for the plaintiff in error, referred to *Post* v. *Avery,* (5 *Watts & Serg.* 509).

*Lewis,* contra.

PER CURIAM. — The point in this case came up for decision before the report of *Post* v. *Avery* was published; else it is to be presumed that it would have been ruled differently. The principle of that case is that a colourable assignment to make the legal plaintiff a witness, shall not devest his interest; and that every assignment is to be deemed colourable till the contrary be made

[Leiper v. Peirce.]

to appear. Here the cause of action was an account stated by the plaintiff himself, without a voucher or scrap of paper to support it; and if it is not to be recovered by force of his own testimony, it is not to be recovered at all. Why did he sell it for a consideration which the parties did not choose to name, but to turn his testimony to account? Suppose even that the assignee had given value equal to the nominal amount; what motive could he have to burthen himself with an unprofitable lawsuit, but to serve the purpose of the assignor? Suppose still further that he had shared the claim; it must have been with an understanding that the testimony of the assignor would carry it through, for it would be worthless without it. Every case of the sort comes before a court under a violent presumption of collusion; and how is it to be rebutted? That is a question which it is hard to answer. Perhaps there is not a case in a hundred that admits of explanation. It is enough for the case before us, that there was no attempt to explain; and the testimony ought consequently to have been rejected.

Judgment reversed, and a *venire de novo* awarded.