## James H. Phinney, Plaintiff in error, and Plaintiff below, to the use of Hanson, v. George Tracey.

A colourable assignment to make a legal plaintiff a witness, does not divest his interest.

Every assignment is deemed colourable until the contrary appears.

The assignor of a chose in action, for which suit is brought, cannot be a witness for the assignee on the trial of the cause, unless the assignment were made in the usual course of business, and without any intention, either expressed or understood at the time, of supporting the claim by the oath of the assignor.

The legal presumption, which is adverse to the admission of such testimony, must be rebutted by the most overwhelming proof; not the slightest doubt should be suffered to remain, that at the time of the contract there was no intention whatever entertained to support the claim by the oath of the assignor, nor any such necessity supposed to exist.

Indeed, it should not be permitted that the assignor of a chose in action should support it by his own oath. In that respect, the creditor and debtor ought in all justice to be placed on precisely the same footing: both should be allowed to testify, or neither.

Error to the Common Pleas of Bradford county.

This case came before the court below, on an appeal from the judgment of a justice of the peace. The action was originally brought by

the plaintiff in error to recover $65, the price of an ark sold by Decker and De Long to Hiram Baker, upon the order of James H. Phinney, to whom the defendant, George Tracey, became bound as the bail of Baker.

On the trial of the cause below, it appeared that Phinney had transferred his claim to Hanson, and, at the time the transfer was made, Hanson released Phinney from all liability. The transfer and release were executed on the 2d day of June, 1842, the day of the trial before the justice of the peace.

After the defendant had closed his evidence, the plaintiff offered James H. Phinney as a witness to sustain the action, whom the court rejected, after an objection by the defendant's attorney, which formed the only point for the decision of this court.

*Overton*, for plaintiff in error.

The question presented is, whether the assignor of a chose in action can be a witness to support the claim assigned. The plaintiff, having made out a primâ facie case, without introducing the assignor as a witness, rested his cause, and after the defendant had given evidence to defeat the plaintiffs, then showed that the assignee was indebted to the defendant on a note, and that he paid the debt for which the assignor was liable, in an easier manner than by paying the note to the defendant, offered the assignor as a witness to rebut the defendant's evidence. The payment of the full value of the claim, the object for which it was purchased, and the plaintiff being able to make out a right of action without the assignor's testimony, negative the conclusion that the assignment was colourable. That the fact of expecting to make use of an assignor as a witness in an expected litigation concerning the claim assigned, is not conclusive evidence of a colourable assignment, otherwise the assignor never could be a witness, because the mere fact of calling him would show that the assignee looked to the benefit of his testimony at the time he took the assignment. Previous to the case of Avery *v.* Post, 5 Watts & Serg. 508, the assignor of a chose in action, having parted with all his interest, and being without liability, was a competent witness; and the court in that case, and in Patterson *v.* Reed, 7 Watts & Serg. 145, and Reading Railroad *v.* Johnson, 7 Serg. & Watts, 317, seem to lay down the rule, that where the plaintiff cannot make out his cause of action without the testimony of the assignor, and relies on his testimony alone, he cannot be a witness, and the assignment shall be taken to be colourable. If it be said that every assignment shall be deemed colourable unless it is made otherwise to appear, I am at a loss to conceive how any assignee can make it so appear, otherwise than by proving payment of a full consideration, and the object of his pur-

chase as fraud is not to be presumed.  In this case the assignee had no interest in the claim previous to his purchase, either directly or indirectly. What is said by this court in Patterson *v.* Reed, about leaving much to the discretion of the court below, is vague, uncertain, and dangerous, and never can be understandingly applied by any lawyer to any particular case upon which he may be called to give his opinion.  The only safe rule would appear to be, either to exclude altogether the assignor of a chose in action from being a witness, or where the assignee can make out a primâ facie cause, without introducing the assignor as a witness, the mere fact of his intending, at the time of the assignment, to make use of him as a witness, shall not be sufficient evidence of a colourable assignment.

· *Elwell* and *Williston*, for defendant in error, argued, that the assignment in this case by the nominal plaintiff was merely colourable, in order that he might be a witness; and that even if the purpose for which the assignment was made was fair, still, upon principles of public policy, the assignor of a chose in action ought not, in any case, to be admitted as a witness to support his assignee's cause of action, or to rebut evidence given by the defendant to defeat it; and cited Post *v.* Avery, 5 Watts & Serg. 509; Leiper *v.* Pierce, 6 Watts & Serg. 555; Patterson *v.* Reed, 7 Watts & Serg. 144; Reading Railroad Co. *v.* Johnson, Id. 317.

The opinion of the court was delivered by ROGERS, J.

ˋ It is very difficult to resist the belief, that the assignment of Phinney to Hanson was made for the express purpose of enabling Hanson to make a set-off, in the suit brought before the justice by Tracey against Hanson; the claim as then understood to be supported, if necessary, by the oath of Phinney.  It therefore came within the principle ruled in Post *v.* Avery, 5 Watts & Serg. 510; Leiper *v.* Pierce, 6 Watts & Serg. 555; Patterson *v.* Reed, 7 Watts & Serg. 144, and the Reading Railroad *v.* Johnson, Id. 317.  A colourable assignment, to make a legal plaintiff a witness, does not divest his interest, and every assignment is deemed colourable until the contrary appears.  It must be conceded that the cases cited seem to admit that there may be cases where the assignor of a chose in action, although plaintiff on the record, may be a witness, where it manifestly appears that the assignment was made in the usual course of business, and without any intention, either expressed or understood, at the time of supporting the claim by the oath of the assignor.  It is possible such a case may occur; but the legal presumption, which is adverse to the admission of such testimony, must be rebutted by the most overwhelming proofs.  Not the slightest

doubt should be suffered to remain, that at the time of the contract there was no such intention whatever entertained, no such necessity supposed to exist. We deem it of no consequence at what stage of the cause the witness is offered, whether to maintain the whole cause, or to supply an indispensable link in the chain of testimony, or be corroborative evidence merely; whether the assignment be made for a full or at an undervalue, or to be used as a set-off, which is in the nature of a cross action, or with a view of commencing suit upon it. Indeed, it should not be permitted that the assignor of a chose in action shall support it by his own oath. In that respect the creditor and debtor ought, in all justice, to be placed on precisely the same footing; and this, I conceive, is the result of the reasoning of Mr. Justice Kennedy in Patterson *v*. Reed, to which I fully subscribe. As the debtor is not allowed to invalidate the debt by his own testimony, why should the creditor be vested, by means of an assignment most usually made for that purpose, with a greater privilege; particularly when the experience of thirty years has afforded such abundant evidence of the extent to which it may be abused? Both should be allowed to testify, or neither. It is true, that sometimes an honest claim may be lost for want of the oath of the party, but this is a trifling evil, compared with the temptation to perjury and fraud to which the former doctrine necessarily led. Judgment affirmed.