## Selover to the use of Barrows' Administrator *versus* Rexford's Executor.

1. A witness testified as to certain facts, and a memorandum of them made by him having been given in evidence, it is not error for the court to charge that "the memorandum corroborates the recollection of the witness."

2. Rexford conveyed land to Yeomans, who agreed at the time to pay a note which Rexford owed to another person, on which judgment had been recovered, and which Yeomans had paid. *Held*, that Yeomans was not a competent witness in a suit on the judgment.

3. No entry was made on the judgment showing that it had been paid, and the plaintiff afterwards assigned it. *Held*, that the assignee took it subject to all its imperfections, one of which was the incompetency of Yeomans to support it by his oath.

ERROR to the Court of Common Pleas of *Tioga county*.

This was a foreign attachment in debt, issued March 31st 1853, by Isaac Selover, for the use of Aaron Barrows, against Samuel Rexford. Rexford having died, Newton P. Fassitt, his executor, was substituted, and Barrows having died, William E. Cone, his administrator, was substituted.

The cause came on for trial, August 26th 1862, before R. G. White, P. J., and a verdict was rendered for the defendant.

The cause of action was a judgment of $1917.75, recovered December 14th 1846, in the Supreme Court of New York, by Selover against Rexford. Steele, a witness of defendant, testified, that about February 9th 1847, Henry P. Yeomans, in pursuance of a previous arrangement, paid Selover this judgment, and that it was to be assigned or satisfied as Yeomans might direct. Nathaniel Mann testified, that he witnessed the delivery of a deed from Rexford to Yeomans, October 3d 1847, and that Yeomans agreed to pay notes of about $3800, due by Rexford to Selover and Steele, in part payment for the land conveyed—the agreement having been previously made; and that at the time he made this memorandum :—

"It is understood and agreed between S. R. and H. P. Y., that Mr. Yeomans is to pay S. Rexford's notes to Selover and Steele, amount about $3800, in part payment for Jackson's premises. Talked over this day between them; and I am requested by both to make a memorandum as above.

"New York, October 23d 1847.            "N. MANN."

Afterwards Yeomans gave to Rexford this release under his seal :—

"New York, October 30th 1848.

"Received of Samuel Rexford one hundred dollars, in full of, and in consideration thereof, I do hereby discharge him from all claims, debts due, and demands of every name, nature and descrip-

[Selover *v.* Rexford's Executor.]

tion, whether in law, equity or other issue; waiving all errors and cancelling all agreements."

On the 8th of September 1851, Selover, by writing under his seal, assigned his judgment to Barrows; the assignment was witnessed by Yeomans.

Yeomans was called as a witness by the plaintiff, was rejected as incompetent, and an exception taken.

The court, amongst other things, charged the jury, that the memorandum made by Mann, "corroborates the recollection of the witness in regard to the date and the terms of the arrangement." This also was excepted to.

The matter of these two exceptions was assigned for error.

*A. P. Cone*, for plaintiff in error.—On the question of Yeomans' competency: Wakely *v.* Hart, 6 Binn. 319; Cornog *v.* Abraham, 1 Yeates 84; Thomas *v.* Brady, 10 Barr 167; Taylor *v.* Gitt, Id. 428; Philips *v.* Philips, 8 Watts 198; Hays *v.* Grier, 4 Binn. 83; Lewis *v.* Manly, 2 Yeates 200; Fernsler *v.* Carlin, 3 S. & R. 132; McCreedy *v.* Schuylkill Navigation Co., 3 Wh. 424; Irvine *v.* Lumbermen's Bank, 2 W. & S. 190; Scott *v.* Wells, 6 Id. 369; Riddle *v.* Dixon, 2 Barr 374; Potter *v.* Bird, 4 Watts 15; Nessly *v.* Swearingen, Add. 144; Hart *v.* Hutner, 3 Rawle 407.; Martin *v.* Jones, 6 Barr 82; Gordon *v.* Bowers, 4 Harris 230; Ludlow *v.* Union Insurance Co., 2 S. & R. 119; Hays *v.* Gudykunst, 1 Jones 224; McDowell *v.* Simpson, 3 Watts 135; Brown *v.* Downing, 4 S. & R. 494; Struthers *v.* Kendall, 5 Wright 214.

*C. H. Seymour*, for defendant in error, cited Post *v.* Avery, 5 W. & S. 510; Clover *v.* Painter, 2 Barr 46; Muirhead *v.* Kirkpatrick, Id. 425; Armstrong *v.* Graham, 4 Id. 142; Purdy *v.* Dedrick, 2 Phila. Rep. 426; Anderson *v.* Young, 9 Harris 443.

The opinion of the court was delivered, May 15th 1866, by

WOODWARD, C. J.—On the 14th of December 1846, Isaac Selover recovered a judgment against Samuel Rexford in the Supreme Court of the State of New York, which he assigned, on the 8th day of September 1851, to Aaron Barrows, whose administrator brought the present suit to recover the amount of the judgment. The defence was that the judgment had been paid to Selover, about the 9th of February 1847, by one Henry P. Yeomans, at the instance and for the benefit of Rexford. Richard Steele proved this payment by Yeomans, and swore that the judgment was to be satisfied or assigned as he (Yeomans) might direct.

Nathaniel Mann testified to a transaction at his house in the

[Selover *v.* Rexford's Executor.]

city of New York on the 3d of October 1847, between Rexford and Yeomans, in which Rexford conveyed to Yeomans a tract of land in Jackson township, Tioga county; and Yeomans agreed to pay notes amounting to about $3800, in the hands of Selover and Steele, as part payment for the land. The agreement, said this witness, had been made before, and they called my attention to it as a witness. I made a memorandum of it at the time, and read it over to them.

The 1st error assigned, is that the court charged the jury that this memorandum corroborates the recollection of the witness, in regard to the dates and terms of the arrangement.

We can see no force whatever in this assignment. The credibility of both Steele and Mann, and the prospect and effect of their testimony, were fairly submitted to the jury, and this observation on the corroborative effect of the memorandum strikes us as perfectly harmless even if erroneous, though we see no ground to doubt its accuracy. If the memorandum was given in evidence it was not excepted to, and surely it was in the nature of corroborative evidence. It is always competent for a witness to refresh his memory by memoranda made at the time of the transaction of which he speaks, and where the memorandum has been received in evidence without objection, and it recites the substance of the very transaction testified to, it is not error for the court to say that it corroborates the witness.

The only other error is the rejection of Henry P. Yeomans as a witness.

It would seem that Yeomans was the owner of the Rexford note to Selover, at the time he purchased the Jackson land. Under the instructions given the jury must have found that that note was part of the consideration of the land, and of course Yeomans ought to have given it up to Rexford when the deed was delivered, or satisfied the judgment which had been obtained upon it. Instead of which he waited nearly four years, and then took an assignment from Selover to Barrows witnessed by himself, and after the death of Barrows, who was said to have lived in Massachusetts, raised up an administrator for him here, and instituted this suit to recover the judgment against Rexford's estate.

The court, no doubt regarding Yeomans as the beneficial owner of this claim, refused to let him testify, and we think they were right. If Steele or Mann were believed, Yeomans had become the owner of the note and judgment, and as such received a full equivalent for them. Now that he could not make himself a witness, by assigning the debt to Barrows, is exactly what was decided in Post *v.* Avery, 5 W. & S. 510, and that Barrows, if indeed he was not a myth, took the judgment subject to all existing equities between the original parties, is an indisputable principle of law. If Barrows was indeed a purchaser of this judgment

[Selover v. Rexford's Executor.]

in September 1851, he should first have satisfied himself that it was subject to no defalcation, and had he inquired of Selover he would have learned that it had been, paid long ago. Much more certainly he would have learned the same thing from Rexford, but inquiring of neither party he took it with its imperfections on its head, and one of these was the disqualification of Yeomans, a former owner, to support it by his oath.

The judgment is affirmed.