The Supreme Court reversed the decision of the judge at nisi prius on February 7, 1870, in the following opinion by
Thompson, C. J.:
The complaint of error in sustaining the action on the policy in this case in the name of the assignee, is not worth discussing as it was amendable by adding the name of the assignor as plaintiff,. for the use of the assignee; Lycoming Mut. Ins. Co. vs. Schreffler, 8 Wr., 269. If there were nothing else in the case we would treat it as amended, but as it must go back on other grounds, the amendment had better be made before trial.
We agree with our learned brother who tried the case at nisi prius, that parol evidence was admissible to show what the company by its agent undertook and agreed to was covered by the terms used in the policy, viz : “Stock of wooden and willow ware.” If the testimony be true, the attention of the Secretary was called *187 to the fact at the time the insurance was being consummated by by the execution of the policy, “that the application was for insurance on wooden and willow ware and fancy toys,” and be dedared that the words used, viz., wooden and willow ware, in-eluded “everything,” and upon this' understanding the policy was accepted and the premium paid. The company therefore is as much bound by this as if it had been inserted. The reformation of the agreement by supplying the omission, is justified, either on the ground offered, or of mistake, and the omission, if the testimony be believed, is attributable to or the consequence of, one or the other of these grounds. Reformation ot instruments is an equitable result, although performed in a common law action, the maxim being “that what ought to be done shall be condered as done.” This is undoubtedly a highly moral and honest principle, and whenever the proof offered tends to show that it ought to be applied, it will be. The cases cited by the counsel for the defendant in error, are abundant proof that the testimony on the question of the correction or explanation of the terms of the policy was well received, and to them we refer without troubling ourselves to report them. We have looked into Weisenberger vs. The Insurance Co., 6 P. F. Smith, 442, cited by the counsel for the plaintiff' in error, and we regard it as an authority against, rather than in his favor.
There is a difficulty, however, in the case, which is not easily to be gotten over as the the law stood when the case was tried below. Hawk, the assignor of the policy, was called as a witness by the assignee, and was examined against objections by the other side. This, we think, was in contravention of the rule in Post vs. Avery, 5 W. & S., 509, and the long list of cases since, which stand on the grounds of disallowing an assignor in a chose in action to be a witness for his assignee. Hawk was incompetent, under this rule, at the time he testified, although he may be a witness on another trial, owing to the change in the rule by the act of 1869. This assignment of error is therefore sustained.
If the answer of the learned judge to the defendants fourth point was as is complained of, it would be error. The declarations of the Secretary made at an after period to the delivery of the policy, might be given in evidence, perhaps as corroborative *188 of those made at the time, but of themselves, would not bind the company. It was of the former that the answer to the point was doubtless predicated. This is immaterial, however, for as the case goes back for re-trial, all doubt on this head will be avoided. For the reasons mentioned the case must be reversed.
Judgment reversed and venire facias de novo is awarded.