## DE ROUX et al. v. GIRARD.

### (Circuit Court, E. D. Pennsylvania. December 17, 1898.)

### No. 55.

1. COMPETENCY OF WITNESS—TRANSACTIONS WITH PERSONS SINCE DECEASED—ASSIGNMENT OF INTEREST BY PARTY.

Whether a plaintiff in a suit against executors can qualify himself to testify against the defendants as to transactions with, or statements by, the testator, under Rev. St. § 858, by an assignment of his interest in the suit quære.

2. SAME—GOOD FAITH OF TRANSFER—PENNSYLVANIA STATUTE.

Under the Pennsylvania statute which provides that a person otherwise incompetent as a witness shall become competent by a release or extinguishment in good faith of his interest, the question of the good faith of the transfer is a preliminary one for the court, and an assignment by a plaintiff, in a suit against executors, within two weeks of the time he is called as a witness, of a part of his interest in the suit to his wife in consideration of love and affection and one dollar, and of the remainder to his brother "for value received," will not be held to qualify such plaintiff to give testimony against the defendants intended to maintain an imputation of gross fraud on the part of the testator, and another also since deceased.

3. EQUITY PRACTICE—TAKING TESTIMONY BEFORE EXAMINER—REFERRING QUESTIONS TO COURT.

The interruption of proceedings before an examiner for the purpose of obtaining the opinion of the court on questions raised is not, in general, to be encouraged, but ordinarily the objection should merely be noted and considered on the hearing.

Hearing on objections made to testimony offered before the examiner, and referred to the court.

C. B. Kilgore, for complainants.

J. Percy Keating and J. M. Gest, for respondent.

DALLAS, Circuit Judge. John Joseph Etienne Louis De Roux was called before the examiner as a witness on behalf of the complainants, and, as is stated in the brief submitted by their counsel, it was "proposed to prove by this witness that he was present when the deed was made by his uncle John Augustus Girard and others to his father and mother and Lemtilhaac and wife, dated December 26, 1857, and also that he was present when the purchase-money mortgage was made, and exactly how that mortgage was read to his parents before they signed; also that they could not read or speak English, that the clause including the coal lands of Madame De Roux was omitted when this paper was read, and that the mortgagors never knew that the coal lands were included in this mortgage, intended to be a purchase-money mortgage of other and separate lands, and that they knew [?] of the sale of the coal lands under this mortgage, nor did their heirs know of it until within two years of the present time." Upon the argument this offer was treated as having reference to transactions which occurred with Theodore Cuyler and John Augustus Girard, both of whom are deceased, and upon this understanding it will be disposed of.

Section 858 of the Revised Statutes provides:

"That in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transaction with, or statement

by, the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. In all other respects, the laws of the state in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law, and in equity and admiralty."

The case presented manifestly falls within the terms of this provision. The witness produced is a party plaintiff, and he is called to testify as to transactions with or by the testator or intestate of parties defendant; and it seems to be practically conceded that the objection made before the examiner was well taken, unless met and overcome by showing that the witness had assigned all his interest in this suit and its subject-matter, for the ground upon which it has been contended that the offer should be received is (I quote from complainants' brief) "that the witness had no interest in the case, his interest having been assigned on the 20th of October, 1898, and the case was already marked to the use of another." The two assignments thus referred to were produced in court, and are now before me. It is, at least, questionable whether, under the section of the Revised Statutes to which I have referred, a party may, by any assignment of his interest, be rendered competent to testify to any transaction with or statement by the testator or intestate in an action by or against executors or administrators; but, waiving this question, and assuming, as counsel for plaintiffs has assumed, that the Pennsylvania statute which provides that a person otherwise incompetent shall become competent by a release or extinguishment in good faith of his interest is applicable to the case here presented, and also that, if applicable, it is to be regarded as a rule of decision in this court, yet I am of opinion that the assignments which have been produced cannot be held to have been made in good faith, within the meaning of the provision. They were both made at one time, and only about two weeks before the assignor was called. One is to his wife, and the other is to his brother. The first is expressed to be "in consideration of love and affection, and for and in consideration of one dollar"; and the second to be "for value received," without any more specific statement of the actual consideration. It is obvious, I think, that the object in making these assignments was not to make a sale for a substantial price, but, if possible, to qualify the witness to testify upon a subject as to which the law expressly commands that he shall not be allowed to testify. The act of the general assembly of Pennsylvania of May 23, 1887, to which I have referred, makes the question of good faith a preliminary one to be decided by the trial judge. In this respect that act is but declaratory of the law as it had been long before laid down by Chief Justice Gibson in Post v. Avery, 5 Watts & S. 510, who, with reference to the duty of the court, and the manner in which that duty should be performed, said:

"Something must be left to the discretion of the judge, who will take care to be satisfied that the true purpose of the assignment is an actual sale for a substantial price; and this by the plaintiff's answers on his voir dire, or by evidence aliunde. Where, however, the transaction passes in the face of the court, the party being at his last shift, there will be no room for evidence in explanation of it. Such a case carries with it its own condemnation. In doubtful cases the burthen of proof will lie on the party attempting to get rid of the interest, and it will be incumbent on him to clear his motive from suspicion."

In the present case the proceeding before the examiner is, substantially, "in the face of the court," and, moreover, the assignor has done nothing "to clear his motive from suspicion."

The interruption of proceedings before an examiner for the purpose of obtaining the opinion of the court upon questions raised during their progress, is not, in general, to be encouraged. Ordinarily, it is much to be preferred that the objections should be merely noted, and their consideration be postponed until the hearing. The point in this instance is, however, so distinctly presented, and is, in my opinion, so free from difficulty, that I deem it proper to decide it at once, especially in view of the fact that the evidence proposed has for its object the maintenance of an imputation of a gross fraud charged to have been perpetrated by persons whose lips have been closed by death. The examiner is instructed to decline to take the testimony proposed by the offer referred to the court.