M. Darragh & Co. for the use of Scudder H. Darragh, Appellant, v. Elizabeth Stevenson and Charles L. Stevenson, Administrators of P. H. Stevenson, deceased.

*Evidence— Competency of witness—Party dead—Release or extinguishment of interest—Assignment of interest—Act of May 23, 1887, sec. 5, clause (e).*

Under clause (e), sec. 5, of the Act of May 23, 1887, P. L. 158, the disqualification of a remaining party depends not only on the fact of being a remaining party, but having an adverse interest, and under section 6 of the act even such parties may be made competent by release or extinguishment of interest in the event of suit.

In an action against an administrator where the two plaintiffs are partners and brothers, and are both incompetent witnesses, one of the plaintiffs cannot, on the eve of the trial, by an assignment of all of his interest in the suit to the other plaintiff, render himself a competent witness. In such a case the conclusion is irresistible that the real purpose of the assignment was to evade the law, and to give the plaintiff's claim that advantage against the dead man's estate which the statute intended to prohibit.

An act of a party which increases his legal rights at the expense of another must affirmatively appear to have been done with other motive than to evade the law.

*Evidence—Promissory note—Signature—Books—Letter.*

In an action upon a promissory note where the only issue before the court is the genuineness of the defendants' signature, plaintiff's books showing a charge against defendants are inadmissible in evidence.

In an action upon a promissory note, it is proper to exclude a letter dated nearly five years after the note in suit, and not referring to the note in any way which could be said fairly to identify it.

Argued Oct. 11, 1897. Appeal, No. 171, October Term, 1897, by plaintiff, from judgment of C. P. Beaver Co., December Term, 1890, No. 19, on verdict for defendants. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Issue to determine whether P. H. Stevenson, deceased, executed the note on which judgment was entered.

At the trial plaintiff offered the following paper:

" M. DARRAGH & Co.    No. 286, September Term, 1895.
       v.          Sur. No. 19, December Term, 1890.
" JOHN BIGGER and    Sur. No. 330, June Term, 1883.
" P. H. STEVENSON.    Sur. No. 9, June Term, 1867.

   " Debt, $5,073.17.

   " Interest from June 14, 1892.

   " This agreement made the 14th day of December, A. D. 1895, by and between M. Darragh, of Bridgewater Borough, County of Beaver, and Commonwealth of Pennsylvania of the one part and S. H. Darragh of the Borough of Beaver, County and Commonwealth aforesaid of the other part, Witnesseth, whereas, we, M. Darragh and S. H. Darragh, composing the firm of M. Darragh & Co., on full and complete settlement of our individual accounts with said firm, find that M. Darragh is indebted to said firm in the sum of $5,792.51, over and above the indebtedness of S. H. Darragh to said firm ; and, whereas said firm has a judgment of $5,073.17, with interest from June 14, 1892, against John Bigger and P. H. Stevenson; which judgment was, on petition of Charles Stevenson, administrator of P. H. Stevenson, opened and is now in litigation ; and, whereas, S. H. Darragh is willing to accept the interest of M. Darragh in the same as it stands, in full satisfaction of his interest in the indebtedness of M. Darragh to M. Darragh & Co., and thus close their individual accounts with the firm ; S. H. Darragh taking and assuming all risk of costs or recovery on said judgment aforesaid and binding himself hereby for any and all costs and expenses in any way incident thereto without recourse on M. Darragh & Company, or M. Darragh as an individual, in consideration whereof M. Darragh hereby releases and extinguishes his interest in said judgment as completely and entirely as though he had never in any manner whatsoever been connected therewith.

   " In witness whereof we have hereunto set our hands and seals, the day and year aforesaid.

                  " M. DARRAGH,     [Seal.]
                  " S. H. DARRAGH. [Seal.]

" Attest: CHAS. DARRAGH, SR.,
       " ROBERT W. DARRAGH.

   " Therefore know all men by these presents, that in consid-

eration of the above agreement between the individual members composing the firm of M. Darragh & Company, the firm of M. Darragh & Company, composed of M. Darragh and S. H. Darragh, hereby sells, assigns, transfers and sets over to S. H. Darragh the above judgment, debt, interest and costs without recourse on the firm of M. Darragh & Company or M. Darragh. And George W. Mackall, prothonotary of said court, is hereby authorized, empowered and directed to file and enter this assignment of record among the papers in said case.

" M. DARRAGH & CO.

" Per M. DARRAGH,

" S. H. DARRAGH.

" Attest: CHAS. H. DARRAGH,

    " ROBERT W. DARRAGH.

" Filed December 16, 1895."

Plaintiff's counsel having produced the above paper and shown that the attesting witness to the note was dead, offered to prove by M. Darragh, above named, that he was present when the note in suit was executed and saw P. H. Stevenson sign it.

Objected to by defendants' counsel as incompetent, the said M. Darragh being a surviving or remaining party to such thing or contract in controversy here.

The Court: The objection is sustained, and an exception sealed for the plaintiff.

Plaintiff's counsel offer the day book and ledger of M. Darragh & Co. showing the account of Stevenson & Bigger, in evidence, for the purpose of showing the indebtedness of Stevenson & Bigger—P. H. Stevenson and John Bigger—to the firm of M. Darragh & Company, the balance of which indebtedness was $1,657.81, the exact amount of the note in controversy; and further showing that the account was closed by bills receivable, being the note in question of John Bigger and P. H. Stevenson; and for the further purpose of showing that on June 5, 1871, M. Darragh & Company wrote to Mr. Stevenson in reference to the note in question, and received the reply thereto of June 9, 1871, marked exhibit " J."

Objected to by defendants' counsel as incompetent and irrelevant.

The Court: The issue in this case is simply to try the gen-

uineness of this signature. We cannot see what light this offer would throw on the issue we are trying. We will sustain the objection, and seal a bill for the plaintiff.

Plaintiff's counsel offered in evidence the following letter identified by a number of witnesses, marked exhibit " J."

"Moon, June 9, 1871.

"Messrs. M. Darragh & Co.,

"Dear Sirs :—Yours of June 5th inst. is received yesterday. I am much surprised as Bigger told me he had paid part quite three years ago and I seen him this spring early he told him and some of your company had made arrangements to cancel note. I will see him next week and one of us will see you. I will make him attend to it right away now.

"Yours,

"P. H. Stevenson."

This for the purpose of showing that by P. H. Stevenson's own letter of June 9, 1871, he recognized the receipt of a letter of June 5 inst., from M. Darragh & Company in relation to the note in controversy, signed by himself and Bigger; and for the purpose of showing that Stevenson knew in his lifetime of the existence of a note signed by himself and John Bigger.

Objected to by defendants' counsel as incompetent and irrelevant, the paper offered not proving anything.

The Court: The defense in this case is not want of consideration, but that Mr. Stevenson did not make the note in suit. The issue alone to be determined is whether or not the signature to the note in suit is the signature of P. H. Stevenson. That being the case, we think the offer is incompetent for the purpose stated in the offer. The objection is sustained and an exception sealed for the plaintiff. [3]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions.

*R. S. Holt*, with him *J. F. Reed*, for appellant.—The appellant contends that Mattison Darragh, by the release and extinguishment in good faith of all his interest in the matter in controversy, became a competent witness under section 6, of

the Act of May 23, 1887, P. L. 158: Beaver v. Beaver, 23 Pa. 169; Karns v. Tanner, 66 Pa. 297.

Under clause (e) of section 5 of the act, the surviving party is incompetent only when he has an interest in the result of the suit; being a surviving party merely does not disqualify him: Dixon v. McGraw, 151 Pa. 98.

*John M. Buchanan*, with him *Wm. A. M' Connel* and *David K. Cooper*, for appellees.— Appellees contend that M. Darragh, being a surviving or remaining party to the note in suit, cannot, under the facts of this case, by any release or extinguishment which he might make, become a competent witness against the estate of P. H. Stevenson, deceased, because he is incompetent by reason of public policy, and not solely by reason of interest: Clover v. Painter, 2 Pa. 46; McClelland v. Mahon, 1 Pa. 365; Karns v. Tanner, 66 Pa. 297.

Appellant cites Dixon v. McGraw, 151 Pa. 98, in support of his position; but in this case the court properly held that the witnesses offered had no interest in the thing in controversy whatsoever.

An assignment is not a release or extinguishment: Haus v. Palmer, 21 Pa. 296.

OPINION BY MR. JUSTICE MITCHELL, January 3, 1898:

M. Darragh was prima facie incompetent as a witness both as a surviving party to the contract in action and as having an adverse interest to defendants' decedent. But after some uncertainty on the point it was said by the present chief justice in Dickson v. McGraw, 151 Pa. 98, that the disqualification depends "not only on the fact of being a remaining party, but having an adverse interest, and even such parties may be made competent by disclaimer of title" (that case being an ejectment) "and by release or extinguishment of interest in the event of suit." And in Tarr v. Robinson, 158 Pa. 60, it was held that Dickson v. McGraw "has settled the construction of the act of 1887," notwithstanding Duffield v. Hue, 129 Pa. 94, and some others of the earlier cases.

The present question therefore is narrowed down to whether M. Darragh had made himself competent in the manner required by the act of 1887. Section 6 of that act provides that

"any person who is incompetent under clause (e) of section five by reason of interest . . . . shall become fully competent for either party by a release or extinguishment, in good faith, of his interest, upon which good faith the trial judge shall decide as a preliminary question." The plaintiffs were M. Darragh and S. H. Darragh, composing the firm of M. Darragh & Co., and their claim was upon a note payable to the firm. At the trial a paper was produced containing an agreement by which, after reciting that M. Darragh was indebted to the firm to a greater amount than S. H. Darragh and S. H. Darragh was willing to accept M. Darragh's interest in the present suit in full satisfaction of his [S. H. D.'s] interest in the indebtedness of M. D. to M. D. & Co. without recourse, etc., and thus close their individual accounts with the firm, the said M. Darragh "hereby releases and extinguishes his interest in said judgment as completely and entirely as though he had never in any manner whatsoever been connected therewith." It is apparent that this instrument, the substance of which is given thus fully, although the words "release and extinguish" are used, is neither a release nor an extinguishment, but an assignment. It is not a release, as it is not made to the party against whom the claim is asserted nor for his benefit. And it is not an extinguishment, for the full claim is still in existence with no change but a transfer to one of the claimants. The words used in the statute if taken in their strict meaning would require that the witness's interest in the subject should be effectually terminated, not only as to himself but as to the other party against whom he is about to testify. This result is fully implied in the words, release and extinguishment. An assignment is altogether different. It terminates the claim only so far as the witness himself is concerned, leaving it in full force as to the party charged by it. The distinction is very forcibly expressed by LOWRIE, J., in Hâus v. Palmer, 21 Pa. 296, in reference to qualification of a legatee by assignment of his legacy: "These principles do not include the case of a devisee or legatee assigning his claim in order to prove the will on which his claim depends; for no one is bound to accept a benefit thrown upon him by testacy or intestacy, and if he rejects it he is without interest; whereas one who assigns the benefit first accepts it, and then, if he wants to be a witness, gets clear of it for a reward

proportioned to the distinctness of the testimony which he is expected to give. Our law does not punish champerty as a crime, but it does not encourage it, nor by its very rules expose people to the temptation of perjury or subornation of it." If the act of 1887 had stopped with the words "release or extinguishment" it is clear that a witness excluded by section five for interest could not qualify himself by an assignment. But the statute adds the requirement that the release shall be in good faith, of which the court shall judge as a preliminary question. A release or extinguishment given to the adverse party must in its nature be absolute, and could hardly be other than in good faith. The language of the act therefore would seem to imply some latitude in the sense in which those words were used.

It is not necessary however to decide at present whether any mere assignment of his interest will qualify a witness under the statute, because we regard it as clear that an assignment by a party to a controversy, made only for the purpose of enabling him to sustain the suit by his testimony, is not made in that good faith which the statute intends. In Post v. Avery, 5 W. & S. 509, it was held that an assignment of a cause of action, the motive of which was to qualify the assignor as a witness, would be treated as colorable only, and ineffective for the purpose. Without entering into the labyrinth of contentions and distinctions to which that famous case gave rise, its substantial principle is right, that an act of a party which increases his legal rights at the expense of another must affirmatively appear to have been done with other motive than to evade the law. The general purpose of the act of 1887 was to open the mouths of all witnesses so far as it could be done with that regard for equality which justice demands. If both parties are living, both may be heard, notwithstanding their interest, but if one be dead, equality shall be maintained by excluding the other from the stand. No rule on this subject has ever been successfully formulated in language which will invariably and under all circumstances produce equality or do complete justice, but the act of 1887 approximates to that end as nearly as has yet been reached. Hence it makes provision to some extent for exceptional cases, and among them the case of an interested witness who divests himself of his interest. But it requires that the

parting with the interest shall be done in good faith, and this means that it shall not have been done merely to evade the disqualification of the law.

In the present case the witness did not release or extinguish his interest, but merely assigned it; the assignee was his partner and brother, joint party with him to this suit, and the assignment was not made until the case was at issue, and on the very eve of trial. It is impossible to resist the conclusion that its real purpose was to evade the law and to give the plaintiffs' claim that advantage against the dead man's estate which the statute intends to prohibit. The judge committed no error in excluding the witness.

The other assignments of error are to the exclusion of plaintiffs' books showing a charge against decedent and one Bigger, and a letter from decedent referring to a note. Neither item of evidence was relevant. The only issue before the court was the genuineness of the decedent's signature. Had the issue been on a plea of nonassumpsit the books would have been competent evidence, but merely to show that Bigger and Stevenson owed a debt to plaintiffs did not tend to show that Stevenson executed this note. So as to Stevenson's letter. It was dated nearly five years after the note in suit, and fails to refer to it in any way which can be said fairly to identify it. The letter if admitted would be no more than a basis on which the jury might guess that it referred to the note in suit.

Judgment affirmed.