# Poluski v. Glen Alden Coal Co., Appellant.

*Workmen's compensation—Evidence—Declaration—Res gestæ—Waiver of objection to evidence—Hearsay.*

1. A rule of evidence not invoked is waived.

2. Inadmissible evidence, including hearsay evidence, admitted without objection, is not a nullity or void of probative force, but is to be given its natural probative effect as if it was in law admissible.

3. A finding of the fact of injury in a workmen's compensation case, may be based on the declaration of the deceased employee, although they were not a part of the res gestæ, and were merely hearsay, if no objection was made to their admission.

4. Hearsay evidence may accurately portray a given set of circumstances. The reasons which exclude such a portrayal do not detract from its truth or accurateness.

Argued April 12, 1926.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 51, Jan. T., 1926, by defendant, from judgment of C. P. Luzerne Co., July T., 1924, No. 1142, and March T., 1925, No. 567, affirming decision of Workmen's Compensation Board, allowing claim in case of Eva Poluski v. Glen Alden Coal Co., Affirmed.

Appeal from decision of Workmen's Compensation Board awarding compensation.  Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed.   Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Elmer D. Adair,* with him *Evan C. Jones* and *J. H. Oliver,* for appellant.—Since no one saw this accident, the only testimony relating to the happening itself is the unsworn declarations of the deceased to members of his family when he arrived at his home, to various neighbors and to the doctors who attended him several days later: Smith v. Coal & Iron Co., 284 Pa. 35; Riley v. Steel Co., 276 Pa. 82; Onofrey v. Collieries Co., 274 Pa. 173; McCauley v. Woolen Co., 261 Pa. 312.

*Roger J. Dever,* with him *George J. Llewellyn,* for appellee, cited: Zukowsky v. Coal & Iron Co., 270 Pa. 118; Smith v. Stoner, 243 Pa. 57; Van Eman v. F. & C. Co., 201 Pa. 537; Riley v. Steel Co., 276 Pa. 82; Grobuski v. Koal Co., 80 Pa. Superior Ct. 349; Leary v. Gibson Co., 3 Dep. R. 1619; Guyer v. Gas Co., 279 Pa. 5.

OPINION BY MR. JUSTICE KEPHART, May 3, 1926:

Deceased, an employee of Glen Alden Coal Company, was injured January 4th, and died March 14th.   The Workmen's Compensation Board found the injury to have been incurred during the course of employment and awarded compensation.   That was affirmed by the court below.   On this appeal the company challenges the award for the reason that there was no competent evidence to sustain the finding of a compensable injury.

Appellee's claim was that a piece of rock, coal or lumber fell on deceased's foot while he was either topping off a car or working with mine props.   The great toe was severely injured; blood poisoning set in shortly after the accident and from it death resulted.   The evidence, while not of the convincing character of many of the cases, is sufficient to sustain the inference of an injury

in the course of employment.   Deceased went to work "entirely well"; at or about 11 o'clock he was seen on the premises in an injured condition.   He then told a fellow workman, who was employed in the same gangway at the mines, how the injury occurred.   It was in the following language.   "Q. In what condition did you find Poluski when you went over there?   A. I asked him about the timber and he came over this way indicating that he was limping when he walked over and I asked what was the matter, and he said, 'I finishing finger,' indicating his toe.   Q. Did he tell you how it was done?   A. He said he finished his finger, indicating his toe.   Q. Did he tell you what finished his toe?   A. He didn't say, he just said he finished it."   That this witness's testimony was in relation to an accident in the mines is shown to some extent in the cross-examination of David Jones, an employee of appellant.   Claimant's physician and appellant's medical man in charge of the work testified: "Q. Did you ask him how he had come to hurt it? A. Yes, sir.   Q. What did he say?   A. He told me he hurt it in the mines on the 4th of January, 1923.   Q. You treated him after that?   A. Yes."   This evidence was admitted without objection.

There is nothing in the evidence thus quoted or in the statements later made to his wife and son that would bring them within the res gestæ rule.   The length of time intervening between the accident and the conversation at 11 o'clock does not appear.   The finding of an injury in the course of employment is here sustained, not on the theory that the statements as to the accident and its cause were in fact part of the res gestæ, (Smith v. Phila. & Reading Coal & Iron Co., 284 Pa. 35; Riley v. Carnegie Steel Co., 276 Pa. 82), but because the evidence was admitted without objection as proof of these substantive facts.   Under this state of the record, they must be treated as though counsel deemed them part of the res gestæ, or, if not, then that they were of sufficient probative value for the purpose intended—that

is, to show a compensable case. Where evidence, incompetent as hearsay, is admitted without objection and is relevant and material to the fact in issue, the court may give it the value of direct evidence and on it base a finding of fact; or it may be treated, by what may be taken as consent, as part of the res gestæ in determining the issue. "A rule of evidence not invoked is waived": Wigmore, vol. I, section 18. "Inadmissible evidence, including hearsay evidence, admitted without objection, is not a nullity or void of probative force, but is to be given its natural probative effect as if it was in law admissible: 10 R. C. L. 1008. This is true even in a criminal case": Sawyer v. French, 290 Mo. 384, 235 S. W. 126, 130. See also Diaz v. U. S., 223 U. S. 442, 450, though the point discussed is more or less by way of dictum since in that case the evidence had been *introduced* by defendant who on appeal attacked its legality. See Damon v. Carrol, 163 Mass. 404, 408-9, and Forster v. Rogers, 247 Pa. 54, 63, followed in Keebler v. Land Title & Tr. Co., 266 Pa. 440, which by indirection sustains the point now discussed.

The contrary rule has been stated with some force in 23 C. J. 40, and cases therein cited. The reason there given is that hearsay is barred because it does not have sufficient or any probative value. There is not enough in quantity or quality to raise an inference of the fact to be evidenced, and consequently such testimony should be given no weight where erroneously admitted with or without objection. The better reasoning, however, seems to be that "the essence of the hearsay rule is a requirement that testimonial assertions shall be subjected to the test of cross-examination": Wigmore, section 1362, see also Greenleaf, vol. I, section 99 (16th ed.). But an opponent may waive such requirements as. well as the right to be confronted by the witness and the absence of an oath by failure to object. Hearsay evidence may accurately portray a given set of circumstances. The reasons which exclude such a portrayal do not detract from

its truth or accurateness.   These reasons are the legal barriers which have been erected by the law, and which, in the interest of justice, the parties may move aside. Under this reasoning the evidence is then competent to the full extent of such probative value as it may have under all the circumstances.

Under such state of facts, the evidence was sufficient on which to infer causal liability.   The declarations to his wife having been objected to, were not sufficient on which to base an award: Smith v. P. & R. C. & I. Co., supra; Riley v. Carnegie Steel Co., supra, 312.   The gap in the testimony, that is, the lack of evidence to show deceased working in the mine when he was hurt, was supplied by the evidence above referred to.   See Mc-Henry v. Marion Center Coal Mining Co., 286 Pa. 177, an opinion recently handed down by Judge SCHAFFER.

Judgment affirmed at the cost of appellant.