Schade *v.* Milk Control Commission, Appellant.

Submitted June 15, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

before O'CONNELL, P. J., SCULCO and WEISS, JJ., opinion by SCULCO, J. Commission appealed.

*Marvin D. Weintraub,* Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for Milk Control Commission, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY RHODES, P. J., September 12, 1961:

This is an appeal by the Pennsylvania Milk Control Commission from an order of the Court of Common Pleas of Westmoreland County setting aside an order of the Milk Control Commission, dated July 14, 1959, suspending the license of Elmer G. Schade, Jr., for a period of twelve days, based on a finding of a sale below the established minimum price. The court below held that the testimony of the commission's investigator, Stanley H. Bialek, as to the identity of the licensee, Elmer G. Schade, Jr., was based on hearsay, was incompetent, and was not sufficient to support the finding of the commission of a sale of milk by Schade below the established price. On appeal to this Court by the Milk Control Commission, the sole question raised is one of law—Was the evidence produced at the hearing sufficient to support the commission's finding of a violation by licensee?

On June 10, 1959, the Pennsylvania Milk Control Commission issued a citation against Elmer G. Schade, Jr., t/d/b/a Schade's Dairy, to show cause why his milk dealer's license should not be revoked or suspended for alleged violation of section 807 of the Milk Control Law, 31 PS §700j-807, in that he sold milk below the minimum price fixed by the general orders of the commission. At a hearing held before the commission in Pittsburgh on July 2, 1959, Bialek, an investigator for the commission, testified that, on April 11, 1959, he purchased twelve quarts of milk from Schade's Dairy, near Irwin, Westmoreland County, Pennsylvania, for $2, being $1.12 less than the prices established under the commission's order.

The investigator Bialek testified that he visited Schade's Dairy near Irwin, Pennsylvania, on April 11, 1959, and inquired of a young man whether he could purchase about eight or ten quarts of milk. The young man told Bialek to go up to the house, and said, ". . .

Mr. Elmer Schade lives up there, the owner." Bialek then bought twelve quarts of milk from the gentleman who came out and answered Bialek's inquiry at the house. When leaving, Bialek said to an unidentified man, "Who is the gentleman going up to the house?" and was told that it was Elmer Schade, Jr., owner of the dairy. Bialek said he wouldn't "positively swear" that the defendant Schade at the hearing was the same person who sold him the milk, stating: "I only saw him one time. I made inquiry at the time from various customers and they told me that that was Elmer Schade, Jr. He went up to the house right after he made the sale to me." On cross-examination Bialek said: "I am positive that it was Mr. Schade. . . . I said I couldn't positively identify him after seeing the gentleman just one time. . . . but I swear that I bought it from Mr. Elmer Schade, from the information I received." Defendant Schade, took the stand and denied he sold any milk to Bialek, said he never saw Bialek before, and stated that he was out delivering milk at the time of the alleged sale.

The court below, in its opinion setting aside the commission's finding and order, found that the identification of Schade by Bialek was based on hearsay evidence, to which proper objection was made by counsel for defendant at the hearing. The court concluded that such testimony was incompetent, as hearsay, and would not support the findings of the commission. However, a careful reading of the record does not show any objection to the testimony of Bialek. We believe that the evidence on the record, taken in its entirety, is sufficient to sustain the finding of the commission as to a violation by the defendant Schade. It is well settled that, where evidence, incompetent as hearsay, is admitted without objection, and is relevant and material to the fact in issue, the court may give it the value of direct evidence and on it base a finding of fact. *Poluski v. Glen Alden*

*Coal Company,* 286 Pa. 473, 476, 133 A. 819; *Holmes Appeal,* 175 Pa. Superior Ct. 137, 146, 103 A. 2d 454, affirmed 379 Pa. 599, 606, 109 A. 2d 523; *Demos Construction Co., Inc. v. Service Supply Corporation,* 153 Pa. Superior Ct. 623, 626, 34 A. 2d 828.

Assuming that the commission had the burden of establishing the identity of this defendant as the one who personally sold the milk at less than the minimum price, in this case we think the commission met that burden. A weak identification, together with other evidence in a case, may be sufficient to sustain the finding of a violation of the commission's order; the credibility of the witnesses is for the fact-finding body. Cf. *Com. v. Kloiber,* 378 Pa. 412, 425, 106 A. 2d 820; *Com. v. Holden,* 390 Pa. 221, 223, 134 A. 2d 868; *Com. v. Shelbert,* 195 Pa. Superior Ct. 209, 171 A. 2d 574. The commission's investigator was positive in his statement that he purchased the milk below price from the defendant at Schade's Dairy. Bialek's failure to swear positively at the hearing that defendant was the same person who sold him the milk did not negate his identification testimony, but rather went to its credibility. *Com. v. Kloiber,* supra, 378 Pa. 412, 425, 106 A. 2d 820.

In any event, the violation here found is a summary offense punishable regardless of guilty knowledge or intent, and defendant would be liable to suspension of his license if the offense were committed by defendant's servant or employe. Cf. *Com. v. Jackson,* 146 Pa. Superior Ct. 328, 22 A. 2d 299, affirmed 345 Pa. 456, 28 A. 2d 894; *Com. v. Koczwara,* 397 Pa. 575, 582, 155 A. 2d 825.

The order of the court below is reversed, and the order of the commission is reinstated.