Hutt Dairies, Inc., Appellant, *v.* Milk Control Commission.

Argued March 20, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Marvin D. Weintraub,* for appellant.

*Anthony W. Novasitis, Jr.,* Assistant Attorney General, with him *William S. Morgan,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Milk Control Commission, appellee.

OPINION BY WOODSIDE, J., April 14, 1964:

This is an appeal from an order of the Court of Common Pleas No. 1 of Philadelphia County affirming a decision of the Milk Control Commission which suspended the appellant's milk dealer's license for 20 days or in lieu thereof imposed a penalty of $1000.

The Commission found that Hutt Dairies, Inc. had offered to sell milk to a wholesale customer, Joseph Sahagian, trading as Spring Ridge Diner, at less than the Milk Control Commission minimum prices, in violation of Section 807 of the Milk Control Law of April 28, 1937, P. L. 417, as amended, 31 P.S. §700j-807. This section provides, inter alia, that "it shall be unlawful for a milk dealer or handler or producer, knowingly or unknowingly, . . . by himself or through another, to sell . . . or offer to sell . . . milk at any price below the minimum price . . . applicable to the particular transaction."

Sahagian testified before the commission that a man called upon him at his diner and, after identifying himself through a business card as V. E. Huston, a sales representative of Hutt Dairies, Inc., offered to give Sahagian a fifteen per cent cash rebate on all milk and cream sold to him by Hutt. Huston stated that the transaction would be in cash and showed him ten or twelve envelopes containing cash, saying that Sahagian "could be part of these people who are getting envelopes." "There wasn't supposed to be any record," according to Sahagian.

The president of Hutt, Louis J. Kasitz, testified that Huston was employed by Hutt as a salesman but that he had not been authorized to offer any cash rebates. Hutt did not produce Huston as a witness.

. The appellant questions the sufficiency of the evidence to support the commission's finding. It argues that the evidence does not establish an offer to sell for less than the minimum price because there was no specific evidence that the "fifteen per cent cash rebate" was a rebate from the minimum price set by the commission. The agent was not required to spell out this offer in greater detail. It was understood by Sahagian and would be understood by all purchasers of milk to be an offer to sell for less than the fixed minimum price. The commission could infer this from the evidence, particularly in light of the suggested cash dealing of which there was to be no record.

The appellant also contends that the authority of the agent was insufficiently established. "The act of a . . . person . . . employed by a milk dealer shall be deemed the act of such milk dealer." Section 807 of the Milk Control Law, supra, 31 P.S. §700j-807. A dealer is subject to suspension of his license for a violation committed by his servant or employe. *Schade v. Milk Control Commission,* 196 Pa. Superior Ct. 14, 18, 173 A. 2d 647 (1961) ; *Com. v. Jackson,* 146 Pa. Superior Ct. 328,

22 A. 2d 299, affirmed, 345 Pa. 456, 28 A. 2d 894 (1942).

Order affirmed.