Weizenbaum Estate.

Argued March 20, 1964.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Theodore M. Tracy,* with him *Stokes, Lurie & Tracy,* for appellant.

*Abraham Pervin,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 1, 1964:

Nathan Holstein held two judgment notes signed by Sol Weizenbaum, in the amounts respectively, of $185 and $500, dated December 2, 1936 and November 5, 1936, which he placed on record on February 1, 1937 and March 6, 1937. When Weizenbaum died on December 11, 1961, Holstein presented his claims on the notes and judgments to the decedent's widow, executrix of her husband's estate. To overcome the presumption of payment, Holstein showed he had filed the notes of record in 1937, that he had presented his claim in the involuntary bankruptcy proceedings filed against Weizenbaum in 1937 and that his claim was allowed in full, permitting him to participate in the bankrupt's assets to the extent of $54.49, that Weizenbaum was never discharged from his debts or as a bankrupt, that in 1937 he attempted execution against the household goods of a Ralph J. Friedberg, co-maker of the $185 note, Friedberg having disappeared in 1937 and that on January 6, 1942, Holstein issued out of the Court of Common Pleas of Allegheny County a writ of scire facias to revive the $185 judgment.

All this Holstein contends shows he made attempts in good faith, during the 20-year period, to enforce and collect the judgments by legal process and that, therefore, the presumption of payment after the lapse of 20 years did not arise. However, the only substantive ac-

tion taken within that 20 year period was the issuance of the writ of scire facias on the $185 judgment above, and this occurred 19 years and 11 months prior to Weizenbaum's death. This could lead to the inference that the larger judgment must have been paid.

Holstein seeks to explain away his long inactivity in the matter by arguing that up to December 31, 1958, the debtor possessed no assets, and that he (Holstein) did not know what assets he might have acquired after that date. He submits in support of his position the case of *Grenet's Estate*, 332 Pa. 111, to the effect that the burden of overcoming the presumption of payment ". . . may be met by direct testimony as to nonpayment, or by proof of circumstances tending to negative the likelihood of the claim having been satisfied and explaining the delay of the creditor in attempting to enforce it—for example, . . . that the debtor's financial condition was such as would have prevented his paying the debt, that the bond, note or other instrument upon which the claim rested remained at all times in the creditor's possession."

But the claimant ignores the Court's declaration, immediately following the above quotation, namely: "These and similar circumstances, while not, singly or collectively, conclusive, are admissible in evidence for the purpose of rebutting the presumption of payment."

The evidence produced by claimant, before the Orphans' Court of Allegheny County, while legally admissible, was held insufficient under the attendant circumstances to overcome the presumption of payment. Although Holstein relied on the debtor's insolvent status as excusing him from further attempts to obtain payment, it was disclosed through cross-examination of Mrs. Weizenbaum, that Weizenbaum had been employed regularly from 1937 until his death in 1961, that in 1958 he became the owner of a one-half interest in his wife's business, that he owned an automobile

still registered in his own name at the time of his death, valued at approximately $1,500, and that he owned negotiable securities worth approximately $15,000. If Holstein was unaware of these assets, avenues were open to him to acquire such knowledge.

The rule of presumption of payment after 20 years is a salutary one. It is based on principles of fairness and justice. It discourages dilatoriness in the dispatch of business, it penalizes stagnation and indifference to obligations in society. In *Conrad's Estate*, 333 Pa. 561, this Court stated: "Where no action is taken to collect a debt due on a specialty until twenty years has elapsed, although there is no statute of limitations for specialties such as sealed instruments, debts and decrees of record, a legal presumption arises, from delay itself, that the debt has been paid; the obligee must then show that payment was not made.

". . . This court has frequently stated that when a claim which could have been made against the decedent during his lifetime is not presented until after his death, it is viewed with the greatest suspicion. Normally, creditors and obligees are prompt to assert their claims and press them during the lifetime of the debtor. It is only natural that the courts should lend their assistance to the representatives of a decedent to compel claimants who fail to do so to establish their claims beyond reasonable doubt."

When the accusing sword of unpaid debts hangs over the head of a man for a long time without falling, justice requires and humanity demands that it be cut down after a reasonable period. That is why we have statutes of limitations in contract, tort and criminal law. If one exposes himself to the fire of his potential adversaries in the open plain of answerability for more than enough time for those adversaries to set their sights and trigger their rifles, he should not be compelled thereafter to avoid every cluster of bushes for fear of belated attack and destruction.

In *Fidelity Title & Trust Company v. Chapman,* 226 Pa. 312, we said: "This presumption, in the nature of a receipt written by the hand of time, may, however, be overcome by affirmative proof that the debt, as a matter of fact, has not been paid . . . But, while the presumption of payment after the lapse of twenty years may be rebutted, the evidence to rebut it must be satisfactory and convincing, and this is especially so when the suit is not brought until after the debtor's death."

The receipt in this case was written not only by the hand of time but it was underscored by the hand of death, and italicized by the claimant's own neglect, indifference and procrastination. The man who ignores all media of rapid transportation and insists on riding a turtle on his way to the courthouse to enforce his rights may not complain if he arrives after society has intervened and the docket of his rights has been sealed by the rights of others.

The evidence presented by the plaintiff in this case as to lack of payment on the part of the debtor did not measure up to the degree of proof required by law. The court below properly invoked the presumption of payment doctrine, and its decree is hereby affirmed.

Each party to bear own costs.