## Lynch Estate.

Argued October 3, 1967. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry Alan Sherman,* with him *R. H. Buchman,* for appellant.

*Daniel J. Snyder,* with him *Thomas A. Waggoner, B. Patrick Costello,* and *Smith, Best, Williams, Costello & Snyder,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 14, 1967:

As framed by appellant's counsel, this case presents but a sole issue: Did counsel for the appellee-estate waive his right to object under the Dead Man's Act, Act of May 23, 1887, P. L. 158, §5, 28 P.S. §322 to the testimony of Madeline Byrne. We are convinced that counsel did not waive this objection and therefore affirm the lower court decree rejecting appellant's claim.

At the audit of the account of Pittsburgh National Bank, executor of the estate of Thomas J. Lynch, a claim was presented by Edward B. Byrne, assignee of a note under seal payable to his mother, Madeline Byrne (the payee on the face of the note). The note, dated November 25, 1935, was payable two years after date. Thomas Lynch died in 1962. To overcome the presumption that at the expiration of twenty years a specialty has been paid, see, e.g., *Weizenbaum Estate,* 414 Pa. 462, 200 A. 2d 878 (1964), appellant offered the testimony of Mrs. Byrne. The following then appears of record.

"BY MR. WILLIAMS (Counsel for appellee) : I would object to the competency of this witness. I understand she is the administratrix or executrix of her husband's estate under his will, therefore a party to the record of any claim being made on behalf of the husband's estate in connection with this note. BY THE COURT: Q. Who was your husband? A. Edward A. Byrne. He had nothing to do with it. I loaned the money to Thomas Lynch. BY MR. BUCHMAN (Counsel for appel-

lant) : It has been assigned to the son. BY MR. WIL-LIAMS: *With that explanation my objection is withdrawn.*" (Emphasis supplied.) After Mrs. Byrne's testimony that the note had not been paid, the hearing (held July 10, 1964) was adjourned until July 24. When the hearing was reconvened on the 24th, Mrs. Byrne was again called to the stand. At this point appellee's counsel objected to any testimony of Mrs. Byrne, now asserting as his reason his belief that the assignment to the son was not bona fide. The court ruled that it would accept testimony subject to the objection. On cross-examination, the following testimony was elicited from the witness: "BY MR. WAGGONER (Counsel for appellee) : Q. When did you sign this assignment? A. It has been too long ago. I couldn't just tell you. Q. Would it be a week, a month or a year? A. I suppose about a month. Q. The assignment says for value received. Now what did he [witness' son] pay you for it? A. Well, sir, Edward has done so many good things for me. It's not any particular money value. Q. I can understand how the relationship of son and mother is one thing. Did he pay you anything for the note? A. No, sir. Q. Then it wasn't for monetary value? A. No, sir. . . . Q. Did you know at the time you signed the assignment of it by so doing you would make yourself a competent witness—had that matter been brought up? A. I don't know whether it had or not. I believe they said I would be a witness if the trial came up; yes, sir. Q. If the note was assigned you mean? A. I don't remember in discussing the assignment, but I suppose that is what they meant. I am not a very good business woman, sir. Q. Did you think that by signing this note you would make yourself competent to testify? A. Yes, sir, I did."

Section 6 of the Act of 1887 provides that "such person [having an interest in a claim against an estate] shall also become fully competent for either party

by a release or extinguishment in good faith of his interest, upon which good faith the trial judge shall decide as a preliminary question." We have consistently adhered to the position adopted in *Darragh v. Stevenson*, 183 Pa. 397, 403, 39 Atl. 37, 38 (1898) that "an assignment by a party to a controversy, made only for the purpose of enabling him to sustain the suit by his testimony, is not made in that good faith which the statute intends." It requires no further statement of authority to sustain the trial court's conclusion that the assignment here was not made in good faith in light of Mrs. Byrne's testimony that no consideration was given for the assignment and that the assignment was made to permit her to testify. Appellant's counsel is thus reduced to the argument that withdrawal by appellee's counsel at the July 10 hearing of his objection to Mrs. Byrne's competency waived any right to renew that objection at a later time.

We held in *Heller v. Fabel*, 290 Pa. 43, 138 Atl. 217 (1927) that a trial judge could refuse to strike out evidence, inadmissible under the Dead Man's Act, unless the motion to strike was made as soon as it became known that the witness was incompetent. A reading of the record here discloses that appellee's counsel did timely object as soon as it became known to him that the assignment was not made in good faith, and thus the right to object was not waived.

Furthermore, it is doubtful that appellee's counsel's action at the July 10 hearing can be properly viewed as a withdrawal such that a question of waiver can be fairly said to be here involved. The trial judge's opinion discloses that he regarded the July 24 objection as timely thereby giving credence to appellee's insistence that the July 10 objection was conditionally withdrawn with the understanding that it could be renewed if it developed that the assignment was not made with good faith as required by statute. Appellee contends that a

480

conditional withdrawal was intended by counsel's statement that "[w]ith that explanation my objection is withdrawn." The trial judge, who of course is best qualified to determine the import of counsel's "withdrawal," obviously accepted appellee's version of the meaning of this statement for he concluded that the objection was timely made. We can find no reason to disturb this conclusion.

Appellee's counsel thus timely objected to Mrs. Byrne's competency. Without her testimony, there was no evidence to rebut the presumption of payment of the note and her son's claim was properly denied.

Decree affirmed. Appellant to pay costs.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.