Tolbert, Appellant, *v.* Gillette.

64

Argued October 6, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*R. L. Lerman,* with him *Lewis H. Markowitz, Samuel F. Meisenhelder,* and *Markowitz, Kagen & Griffith,* for appellant.

*Frank B. Boyle,* for appellees.

*Raymond L. Hovis,* with him *Stock & Leader,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 9, 1970:

This is an appeal from a judgment of nonsuit.

On January 12, 1964, plaintiff alighted from an automobile, stepped from the car onto defendant's sidewalk, slipped, fell and sustained the injuries for which she brought this suit. A light snow had been falling and the brick sidewalk was covered to a depth of one to two inches.

It is hornbook law that a judgment of nonsuit can be entered only in clear cases, and before it may be entered the plaintiff must be given the benefit of all evidence favorable to her and all reasonable inferences of fact arising therefrom; and all conflicts in the evidence must be resolved in her favor. *Engle v. Spino,* 425 Pa. 254, 228 A. 2d 745; *Semet v. Andorra Nurseries, Inc.,* 421 Pa. 484, 219 A. 2d 357; *Lascoskie v. Berks County Trust Company,* 417 Pa. 53, 208 A. 2d 463.

In cases involving sidewalk accidents in inclement weather, plaintiff cannot recover merely by proving that her fall was caused by a generally slippery condition. *Puskarich v. Trustees of Zembo Temple,* 412 Pa. 313, 194 A. 2d 208; *Rinaldi v. Levine,* 406 Pa. 74, 176 A. 2d 623.

Plaintiff attempted to show that her fall had been caused by an *isolated patch* of ice formed when an overhead drainspout discharged water which then collected on the uneven surface of the sidewalk and froze. To prove this, plaintiff (1) offered photographs of the brick sidewalk taken some 8 months after the accident; (2) offered to prove that the uneven condition of the sidewalk shown in the photographs had existed prior to and at the time of the accident; and (3) offered to prove by the testimony of an architect and an engineer that the drainspout was *"capable"* of causing water to drip and, if it dripped, the grade of the sidewalk was such that it would trap the water and thereby cause it to form ice in freezing weather. No part of the proffered testimony was admitted.

The admission of photographs is a matter within the sound discretion of the trial Court, and an appellate Court will reverse only for a clear abuse of discretion or error of law. *Puskarich v. Trustees of Zembo Temple*, 412 Pa., supra. Photographs are properly excluded where they do not fairly and accurately represent the object or the place of the injury as it existed at the time of the accident. In *Semet v. Andorra Nurseries, Inc.*, 421 Pa., supra, the Court said (pages 488-489): "In Puskarich v. Trustees of Zembo Temple, 412 Pa., supra, the Court said (at page 317) quoting from Nyce v. Muffley, 384 Pa. 107, 119 A. 2d 530 (1956): ' "The admission of photographs is a matter largely within the discretion of the trial Judge. A photograph must be verified either by the testimony of the person who took it or by another person with sufficient knowledge to state that it fairly and accurately represents the object or place reproduced as it *existed at the time of the accident, or if there is a difference or change, the difference or change is specifically pointed out and is readily capable of being clearly understood and appreciated by the jury:** Taylor v. Modena Borough, 370 Pa. 100, 87 A. 2d 195; Beardslee v. Columbia Township, 188 Pa. 496, 41 A. 617." ' " See, also, *Vanic v. Ragni*, 435 Pa. 26, 254 A. 2d 618.

Even when coupled with the proffered testimony, the photographs did not show that any isolated patch of ice existed at the time of plaintiff's accident. Indeed, there was no evidence at the trial that the "isolated patch of ice" ever in fact existed.

Judgment of nonsuit affirmed.

Mr. Justice ROBERTS concurs in the result.

---

* Italics, ours.