Jones et al., Appellants, *v.* Spidle.

Argued November 16, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Daniel H. Shertzer,* for appellants.

*S. R. Zimmerman, III,* with him *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, December 29, 1971:

Appellants argue that they are entitled to a new trial because of alleged abuses of discretion by the trial court. We find no such error and affirm the judgment.

On January 6, 1965, Jeffrey J. Jones, then three years old, was struck by a Volkswagen delivery truck owned by the appellees. The accident occurred on a one-way street in a residential neighborhood. At the time of the accident there were two cars parked on the right side of the street. An action of trespass was brought by appellants, as parents and natural guardians of Jeffrey and in their own right, to recover for Jeffrey's injuries. At the first trial, the trial court entered a compulsory nonsuit but was reversed on appeal by the Superior Court and a new trial was awarded. *Jones v. Spidle,* 213 Pa. Superior Ct. 81, 245 A. 2d 677 (1968). Trial was again held and resulted in a verdict for appellees. This appeal followed the denial

of new trial motions and the entry of judgment on the verdict.

As part of appellants' case on damages, Jeffrey's medical records were introduced into evidence under the hospital record exception. Included in these records was this statement: "boy ran between two parked cars—and struck by front of truck." During his jury summation, appellees' counsel, over objection, read this statement to the jury to support his theory of the accident.

The trial court ruled that, since the appellants introduced the hospital records into evidence, it was proper for appellees' counsel to comment on everything contained in the hospital records. The trial court also sustained appellees' objection to appellants' counsel's statement, made in his summation to the jury, that the damaging passage in the hospital records was hearsay and not reliable, and refused to give a charge to the jury to the same effect. Appellants argue that these rulings constituted an abuse of discretion. We do not agree.

It is well established that hearsay evidence, admitted without objection, is accorded the same weight as evidence legally admissible as long as it is relevant and material to the issues in question. *Commonwealth v. Boden,* 399 Pa. 298, 308, 159 A. 2d 894, 899-900 (1960) ; *Stevens v. Reading St. Railway Co.,* 384 Pa. 390, 395, 121 A. 2d 128, 131 (1956) ; *Poluski v. Glen Alden Coal Co.,* 286 Pa. 473, 476, 133 Atl. 819, 820 (1926) ; *Schade v. Milk Control Comm'n,* 196 Pa. Superior Ct. 14, 17, 173 A. 2d 647, 648 (1961). Furthermore, evidence admitted by stipulation or consent of both parties is fully competent and accorded full weight although it contains otherwise inadmissible hearsay statements. *Caranta v. Pioneer Home Improvements, Inc.,* 81 N.M. 393, 396, 467 P. 2d 719, 722 (1970) ; *Goldthwaite v. Shera-*

*ton,* 154 Me. 214, 145 A. 2d 362 (1958); *Bernstein v. Alameda-Contra Med. Assoc.,* 139 Cal. App. 2d 241, 251, 293 P. 2d 862, 868 (Dist. Ct. App. 1956). Likewise, a motion to strike inadmissible testimony on the ground of incompetency of the witness will be denied if it is made after direct and cross-examination have been completed and the party had reason to know of the witness' incompetency to testify. *Lynch Estate,* 427 Pa. 476, 479, 235 A. 2d 412, 414 (1967); *McGary Estate,* 355 Pa. 232, 236, 49 A. 2d 350, 352 (1946); *Heller v. Fabel,* 290 Pa. 43, 50, 138 Atl. 217, 219 (1927).

Once evidence is admitted, it is well settled: "Where either party to a proceeding discovers at any time that improper testimony has been inadvertently admitted, he may have the error corrected by applying to the court to have the evidence stricken. . . . As a rule, *such motion will be allowed only in cases where the ground of objection was unknown and could not have been known with ordinary diligence at the time the evidence was received. . . . The matter is within the discretion of the trial judge.*" (Emphasis added). Henry, Pennsylvania Evidence §738 (1953); *see also,* 5 Standard Pennsylvania Practice §447 (1958). Here the party could have easily discovered and deleted or requested the trial court to delete the hearsay statement in question. In light of appellants' failure to do so, the trial court clearly did not abuse its discretion in refusing appellants' request to withdraw this evidence. It follows that the trial court correctly denied appellants' charge informing the jury that the statement is unreliable hearsay, meriting little weight, and also correctly sustained the appellees' objection to appellants' attempt to comment on the hearsay nature of the statement.

The appellants also allege as error the trial court's refusal to permit the use of a diagram during the testimony of a police officer. The trial court ruled that the diagram was inaccurate and that the evidence it contained had already been introduced into the record. These matters are always left to the discretion of the trial court. *Tolbert v. Gillette,* 438 Pa. 63, 66, 260 A. 2d 463, 465 (1970) ; *Vanic v. Ragni,* 435 Pa. 26, 31, 254 A. 2d 618, 621 (1969). We can find no abuse of discretion on this record.

The appellants also contend that it was error to receive into evidence the appellee-driver's statement to the police, made shortly after the accident. The statement was originally used by the appellants in cross-examination of the driver when they reminded him that he originally told the police that "the first time that [he] saw [Jeffrey was] when he was right out in the street and he was about even with the right front of [his] truck." The court permitted the appellees to introduce the whole statement into evidence under the principle enunciated in *Weaver v. Welsh,* 325 Pa. 571, 575, 191 Atl. 3, 6 (1937), that "where a party undertakes to prove an admission of another party, he must give the whole admission, and if a portion of it serves the party who made the admission, he must not leave it out; the whole must be for the consideration of the jury." The court's ruling was correct.

Judgment affirmed.

Mr. Justice EAGEN dissents.

Mr. Justice COHEN took no part in the decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE O'BRIEN :

Hospital records are admissible as exceptions to the hearsay rule on the question of medical damages, even though the entrant cannot be cross-examined because,

in the words of the Uniform Business Records as Evidence Act, Act of May 4, 1939, P. L. 42, §2, 28 P.S. 91(b), "the sources of information, method and time of preparation [are] such as to justify its admission." However, the statement that the child ran between parked cars is not concerned with the patient's health. Instead, it concerns the question of liability, which is none of the hospital's "professional" business. As we explained in *Commonwealth v. Harris*, 351 Pa. 325, 330, 41 A. 2d 688 (1945) : "Certainly *every* 'act, condition or event' which some hospital physician places in a hospital record does not *ipso facto* become competent when later an issue is being judicially tried to which such fact would be relevant *if proved by competent testimony.* The Act of 1939 obviously means that the 'act, condition or event' recorded in the hospital must be pathologically germane to the physical or mental condition which caused the patient to come to the hospital for treatment." (Emphasis in original.) See also *Incollingo v. Ewing*, 444 Pa. 263, 282 A. 2d 206 (1971), *Fauceglia v. Harry*, 409 Pa. 155, 185 A. 2d 598 (1962).

The fact that it was appellants who offered the records into evidence does not change the situation. Counsel should not be faced with the choice of either offering the records for all purposes, including illegitimate ones, or not offering them at all.

The trial court's opinion expresses the belief that the statement that the "boy ran between two parked cars," even if improperly admitted, was not prejudicial because appellants had requested and the court had charged that: ". . . [T]he driver of a motor vehicle has the duty, where a young child or children are observable at the side of a highway, to exercise a high degree of care to avoid striking a child who may dart into the street, or otherwise suddenly find himself before the

auto in a position of peril, in view of the well known tendency of children to so act."

I do not agree with the trial court. The requested point for charge, which the court properly accepted, described a fact situation significantly different from that described in the hospital records. In the appellants' description of the accident, Jeffrey is observable at the side of the highway before he darts into the street. In the description from the undisclosed source quoted in the hospital records, Jeffrey darts from between two parked cars and is, therefore, not observable before he darts. Consequently, such a description is highly prejudicial to the appellants' case and its admission warrants a new trial.

I further disagree with the majority's view on the question of the police officer's diagram. It was appellants' contention that whether Jeffrey came from the right or the left side of the street, he must have been in the roadway for a sufficient time for the appellees' truck driver to have seen him and avoided him in the exercise of due care. Since there were no eyewitnesses other than the driver and Jeffrey, the appellants based their case on circumstantial evidence, including the distance of the skid marks from the cars parked to the driver's right and other measurements made at the scene by Sergeant Shenk of the Lancaster Police Department. To illustrate his testimony, the sergeant began to use a diagram which he had prepared as part of his investigation. The appellees objected to such use on the ground that the diagram was not drawn to scale and the objection was sustained, quite properly. The appellants then offered a map of the scene which was drawn to scale. This was also objected to by the appellees. The court sustained the objection because it felt that the diagram contained the same inaccuracies which were disclosed to be in the nonscale diagram by

the cross-examination which had occurred at the first trial and because the evidence contained in the diagram was "at best cumulative and already in the record in the officer's direct verbal testimony and photographs."

I disagree with the trial court. The officer's testimony as to his measurements was difficult to understand and appreciate without the aid of a diagram. Photographs of the scene, taken from different perspectives, could be of little aid to the jury in grasping the significance, if any, of the officer's figures. If the diagram was drawn to scale and accurately depicted the officer's measurements, then it should have been admitted into evidence. The court's failure to do so unfairly made the appellants' presentation of their case much more difficult.

I dissent and would reverse the judgment below and grant a new trial.