**Nauer v. The Franklin Mint, Inc.**

*Francis A. Ferrara,* for plaintiff.

*Robert M. Landis* and *Joseph T. Labrum,* for defendant.

JEROME, J., December 26, 1974.—Plaintiff brings this action in assumpsit for breach of an alleged oral contract of employment. The case proceeded to trial on the issue of liability only pursuant to Pa. R.C.P. 224. After the presentation of all plaintiff's evidence, the court granted defendant's request for a nonsuit. Plaintiff has filed timely motions to remove the nonsuit and for a new trial which are presently before the court.

Initially, it should be noted that a judgment of nonsuit can be entered only in clear cases. In considering whether or not said judgment should be removed, plaintiff must be given the benefit of all evidence favorable to him and all reasonable inferences of fact arising therefrom. Further, all conflicts from the evidence must be resolved in plaintiff's favor. See Tolbert v. Gillette, 438 Pa. 63, 260 A. 2d 463.

From the evidence submitted by plaintiff, it appears that he met with the president of defendant corporation on April 18, 1968, and negotiated an oral employment contract as personnel director consisting of a minimum of five years with a starting salary of $15,000 a year. Part of the oral employment contract was a stock option agreement later reduced to writing which plaintiff described as "the major term of the agreement." This written stock option agreement was executed on April 22, 1968, the day plaintiff began his job for the defendant corporation.

Some time in January of 1969, plaintiff was fired by the president of the defendant corporation as personnel director because of a disagreement on testing procedures. He was then offered other opportunities in

marketing and training. Thereafter, he held various jobs in marketing until he was terminated at the end of December of 1969.

Plaintiff first testified that his employment was terminated because he was told that it was "not working out." He later admitted that he was told that the reason for his dismissal was that his attitude was poor and he was just marking time. Plaintiff's own evidence established that the contract of employment was oral.

Under the law of Pennsylvania, the general rule is that a contract of employment is terminable at will. Where a party alleges that some other understanding existed, the burden is on him to overcome this presumption by showing facts and circumstances establishing some tenure of employment. See Cummings v. Kelling Nut Company, 368 Pa. 448, 84 A. 2d 323 (1951).

In the case before us, plaintiff presented no such evidence to meet the burden placed on him. To the contrary, the stock option agreement which was admittedly signed by him and which, as indicated, was the "major term" of the whole employment arrangement, was introduced into evidence. This document clearly indicates by its terms that plaintiff's rights thereunder ceased on his termination from employment "for any reason." From this language it is apparent that the company had the right to discharge plaintiff for any reason. Thus, said option agreement, instead of supporting plaintiff's allegation that he could not be discharged at will, in reality supports the presumption.

Finally, a review of plaintiff's own testimony in this regard makes it apparent that he was well aware that his continued employment at the Franklin Mint was contingent on a satisfactory performance and that if at any time his superiors were not satisfied with said performance, he could be discharged.

It is also to be noted that, at time of trial, plaintiff

admitted that he was not seeking to recover for any loss of wages since this claim, if it existed at all, had been mitigated due to the fact that he had obtained new employment. The basis of the claim for which the trial proceeded before this court was plaintiff's alleged financial loss resulting from his inability to exercise the stock option. As indicated, however, the clear and explicit language of the stock option agreement indicates that should the employment terminate "for any reason," then said option rights would lapse.

Plaintiff has raised the argument that the applicable provisions of the Internal Revenue Code regulating stock options require them to be in writing and the existence of such writing is not otherwise inconsistent with plaintiff's alleged oral agreement. Assuming this to be factually correct, we fail to see how it alters the situation before us. Whether or not the court considers the option agreement, plaintiff has not met his burden of proof on the issue that his employment was not otherwise terminable at will. To be sure, plaintiff has made general allegations that his discharge was intentional, malicious, discriminatory and in bad faith. There is no evidence in the record to support any of these allegations.

Plaintiff has raised as an alternative argument an allegation that the court does not have the power to enter a nonsuit since it permitted defendant to place evidence in the record. A review of the notes of testimony indicates that defense counsel was allowed to cross-examine plaintiff for the purpose of impeaching his credibility by reference to certain letters which plaintiff had written. For clarity purposes, the letters were marked as defendant's exhibits. Said letters were neither offered nor admitted into evidence.

The final argument raised by plaintiff is that he was deprived by the court of his right to discovery to establish defendant's motive in discharging plaintiff. Specifically, he objects to the fact that the court would not

permit inspection of the books and records of the Franklin Mint until liability was established.

The above allegation is without foundation. The books and records called for were produced by defendant and deposited in the Retiring Room adjoining the courtroom at the beginning of the trial and were made available to plaintiff that day and the day following for any inspection he chose to make. On several occasions during the course of the trial plaintiff was asked by the court whether or not he had presented all of his evidence on the liability issue and he assured the court that he had done so. There is no indication in the record that there might be some evidence in the books of defendant corporation which might support plaintiff's theory of liability against defendant.

In view of the above we enter the following

### ORDER

And now, December 26, 1974, upon consideration of the briefs of counsel, it is hereby ordered and decreed as follows:

1. Plaintiff's motion to remove the nonsuit entered by the court be and the same is hereby dismissed.

2. Plaintiff's motion for a new trial in the above matter be and the same is hereby dismissed.