J-S74033-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THEA MAE FARROW, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| YMCA OF UPPER MAIN LINE, INC., | : | |
| | : | |
| Appellee | : | No. 1296 EDA 2014 |

Appeal from the Judgment Entered June 5, 2014
in the Court of Common Pleas of Chester County
Civil Division at No(s): 11-09790

BEFORE:  BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 20, 2015**

Thea Mae Farrow (Farrow)[1] appeals from the judgment of $40,000 entered in her favor and against YMCA of Upper Main Line, Inc. (the YMCA) after a jury trial in this personal injury case.  We affirm.

On October 28, 2009, 78-year-old Farrow was participating in a senior physical fitness class at the YMCA.  During this class, a light fixture fell from the ceiling onto the floor near her.  The light fixture did not hit Farrow, but her reaction caused her to fall.  She was transported by ambulance to Paoli Memorial Hospital where she was "diagnosed with a non-displaced femoral neck fracture of the left hip." Trial Court Order, 3/31/2014, at 1.  After surgery on her hip, Farrow was released to the Bryn Mawr Rehabilitation

---

[1] Farrow died during the pendency of this litigation.  On June 5, 2014, counsel filed a suggestion of death and substituted her personal representative as plaintiff.

* Retired Senior Judge assigned to the Superior Court.

Hospital on November 1, 2009. On November 10, 2009, Farrow returned to her home, which she shared with her adult son, Robert Farrow (Robert). Due to her injuries, Farrow required some assistance with her daily activities and stopped driving.

On December 26, 2009, Farrow was hospitalized again at Paoli Memorial Hospital. She was diagnosed as having suffered a stroke. On December 30, 2009, she returned to the Bryn Mawr Rehabilitation Hospital, but was transported back to Paoli Memorial Hospital the next day because she suffered from dehydration and an infection. On January 7, 2010, Farrow was discharged to Devon Manor Care, where she remained until March 11, 2010, when she returned home.

On September 6, 2011, Farrow commenced this personal injury action against the YMCA seeking damages for the injuries she suffered from the fall, including her subsequent stroke. Immediately prior to the jury trial, the YMCA conceded liability for Farrow's fall and broken hip, but contested liability and damages for her stroke.

On December 13, 2013, the jury returned a verdict for $40,000 in favor of Farrow and against the YMCA. Farrow timely filed a post-trial motion requesting a new trial and additur, which was denied on March 31,

2014. Farrow timely appealed and filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.[2]

All of Farrow's issues challenge the trial court's denial of her motion for a new trial.

> Our standard of review from an order denying a motion for a new trial is whether the trial court committed an error of law, which controlled the outcome of the case, or committed an abuse of discretion. A trial court commits an abuse of discretion when it rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

*Mirabel v. Morales*, 57 A.3d 144, 150 (Pa. Super. 2012) (internal quotations and citations omitted).

We consider first Farrow's argument that the trial court erred in precluding the jury from considering medical bills. Farrow's Brief at 15-17. During the trial, Farrow asked for the trial court to admit her medical bills through the testimony of Robert. Robert testified that he "takes care" of Farrow's medical bills and recognized the records from her hospitalization at Paoli Memorial Hospital after her fall. N.T., 12/10/2013, at 38. Before Robert could testify to the amount of the bills, counsel for the YMCA objected. Counsel argued that "there is no one here that is going to testify to any bills in this case." *Id*. at 39. In other words, counsel contended that there was no doctor who would be testifying to the necessity and

_____

[2] Farrow's "concise" statement consisted of 14 issues spanning three pages. Plaintiff's Statement of Errors Complained of on Appeal, 5/13/2014. In response to this statement, the trial court filed an opinion relying on its March 31, 2014 order denying Farrow's post-trial motions.

reasonableness of the bills. Thus, the trial court ruled that the bills were inadmissible. On appeal, Farrow contends this ruling was error because there "was an obvious need for diagnostic tests and hospitalization" and the "expenses were presumptively reasonable." Farrow's Brief at 15.

> Our standard of review of a trial court's decision to admit or exclude evidence is well-settled:
>
> When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party.
>
> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Phillips v. Lock*, 86 A.3d 906, 920 (Pa. Super. 2014) (quoting *Stumpf v. Nye*, 950 A.2d 1032, 1035–36 (Pa. Super. 2008) (citation and quotation marks omitted)).

"It is well-settled law that a plaintiff seeking special medical damages must prove the following: (1) medical services were rendered; (2) the reasonable charges for those services; (3) that the services rendered were necessary; and (4) that the medical services rendered were related to the injury that occurred." *Phillips v. Gerhart*, 801 A.2d 568, 575 (Pa. Super. 2002).

Here, the trial court opined that it excluded the evidence of medical bills because Robert was not qualified to "sponsor" them. Trial Court Order, 3/31/2014, at n.1. The trial court further noted that "Farrow's medical expert, Mark Graham, M.D., did not discuss Farrow's medical expenses and therefore never testified that the medical bills were reasonable and necessary." *Id*. We discern no abuse of discretion by the trial court. Robert, not being a doctor or in any way involved with the medical profession, was not qualified to testify that the medical expenses were either reasonable or necessary. Accordingly, we hold the trial court did not err in excluding evidence of Farrow's medical bills.

Next, we consider a series of arguments Farrow makes with respect to prejudice incurred because of counsel for the YMCA's opening and closing statements.[3] Specifically, Farrow asserts that counsel "made remarks about the failure of [Farrow] to call treating physicians as witness[es];" brought up the fact that the YMCA is a nonprofit, "does the right thing," and is a place "where it's all about caring for our community." Farrow's Brief at 17-18. Farrow also contends that counsel for the YMCA's opening statement was improper because he "introduced opinions from doctors" and other "hearsay statements not properly in evidence." *Id*. at 20. Farrow further argues that counsel for the YMCA interjected his medical opinion and "facts without foundation" in his opening statement. *Id*. at 21-22. Farrow also argues that

---

[3] These arguments are peppered throughout several separate issues in Farrow's brief; for ease of discussion, we address them together.

counsel for the YMCA engaged in "personal attacks" in his opening statement. *Id*. at 25. Farrow makes some vague references to prejudicial error in counsel for the YMCA's closing statement. *Id*. at 27.

> Our law is clear that,[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction ... one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

*Thompson v. Thompson*, 963 A.2d 474, 475-76 (Pa. Super. 2008) (quoting *Hong v. Pelagatti*, 765 A.2d 1117, 1123 (Pa.Super. 2000)).

Instantly, Farrow raised only two objections to the opening statement by the YMCA's counsel and no objections to his closing. Accordingly, Farrow has preserved only those two issues for our review. Farrow first objected to counsel's assertion that one of the witnesses would "tell you why [the YMCA] is a lot more than a gym. She'll tell you why [the YMCA] care[s] about people who are there and people that are in the community. [The YMCA does] the right thing." N.T., 12/10/2013, at 8. Farrow objected again when counsel for the YMCA said that the YMCA does not "mean to have people come in and get injured especially in a place like this where it's all about caring for [the] community." *Id*. at 17. Both objections were overruled.

> "Regarding statements during opening and closing arguments, our Supreme Court has held that '[s]o long as no liberties are taken with the evidence, a lawyer is free to draw such inferences as he wishes from the testimony and to present his case in the light most suited to advance his cause and win a verdict in the jury box.'" ***Wagner v. Anzon, Inc.***, 453 Pa.Super. 619, 684 A.2d 570, 578 (1996) (citation omitted). "However, this latitude does not include discussion of facts not in evidence which are prejudicial to the opposing party." ***Id***. "In general, any prejudicial remarks made by counsel during argument can be handled 'within the broad powers and discretion of the trial judge and his actions will not be disturbed on appeal unless there is an obvious abuse of discretion." ***Id***.

***Hyrcza v. W. Penn Allegheny Health Sys., Inc.***, 978 A.2d 961, 977 (Pa. Super. 2009).

The trial court offered the following rationale as to why counsel's two statements were not prejudicial, and even if they were prejudicial, the issue was covered by the jury instruction. The trial court could not

> see how these words prejudiced Farrow in light of the jury's award of damages. Clearly the jury did not believe that [the YMCA] did 'the right thing' inasmuch as the jury found that Farrow was entitled to compensation for her injury. Perhaps the jury took [the YMCA] at its word and found that when 'caring for the community' it had a duty to compensate Farrow. In any event, the jury was properly instructed at the start of trial that opening statements are not evidence.

Trial Court Order, 3/31/2014, at n.1.

We discern no abuse of discretion or error of law with this conclusion. A reference to the YMCA's nonprofit or charitable status can hardly be said to be prejudicial in light of the fact that it is both widely known and true. Thus, we cannot see how Farrow was prejudiced by such remarks and conclude the

trial court did not abuse its discretion in not awarding a new trial for this reason.

Farrow next contends she was prejudiced by the YMCA's use of a PowerPoint presentation during its opening statement. Farrow's Brief at 19. Although Farrow asserts the she objected to the use of this PowerPoint presentation, Farrow does not point to where in the record this objection took place and our review of the record and notes of testimony does not reveal such an objection.[4]  Accordingly, we conclude that this issue is not preserved for our review. **See Boyle v. Steiman,** 631 A.2d 1025, 1030 (Pa. Super. 1993) ("Where a thorough review of the record discloses no basis to conclude that an appellant preserved an issue raised in his motion for new trial by a timely or specific objection at trial, such an issue is waived for the purposes of appellate review.").

Farrow next raises issues with the YMCA's cross-examination of Robert. Farrow's Brief at 24-26.  For example, Farrow contends that the YMCA inappropriately raised issues with respect to Robert's delinquent federal income taxes, which "purposefully introduced unfavorable innuendo about [Robert] and his past tax payments." **Id**. at 25.  Our review of the notes of testimony reveals that counsel for Farrow made no objections in the portion of Robert's cross examination where counsel for YMCA stated that

---

[4]  The trial court does not make any reference to this PowerPoint presentation in its opinion.

Robert "never filed a tax return." N.T., 12/11/2013, at 4. Thus, this issue is waived. **See Boyle**, **supra**.[5]

Farrow next contends the trial court erred in permitting pictures of the room where Farrow fell to be published to the jury. Farrow's Brief at 26. Farrow refers us to the testimony of Ellen McGarrigle, the fitness instructor at the YMCA at the time of the incident. During that testimony, counsel for the YMCA requested that he show the jury pictures of the room where Farrow was injured. Counsel for Farrow requested a sidebar conference, which the trial court denied. N.T., 12/12/2013, at 17-18. Even though this sidebar conference was not on the record, because the record is clear that counsel timely raised a specific objection and the trial court addressed the issue in its opinion, we will reach the merits.[6] **See Commonwealth v. Sanchez**, 82 A.3d 943 (Pa. 2013) (declining to find waiver where objection was made on the record, but argument at sidebar was not transcribed).

Instantly, Farrow contends that these pictures were not relevant to Farrow's damages and that they were also not the pictures used during depositions. Farrow also alleges that "evidence of [the YMCA's] income producing use of the … [r]oom (rental fees from businesses) was removed

---

[5] The trial court also concluded that Farrow had not preserved this issue for review. Trial Court Order, 3/31/2014, at n.1.

[6] The trial court noted that these pictures were published "over Farrow's lawyer's objection." Trial Court Order, 3/31/2014, at n.1.

from the … [r]oom before the photographs were taken, and then replaced after the photographs were taken." Farrow's Brief at 26-27.

"The admission of photographs is a matter within the sound discretion of the trial Court, and an appellate Court will reverse only for a clear abuse of discretion or error of law." **Tolbert v. Gillette**, 260 A.2d 463, 465 (Pa. 1970). "Photographs are properly excluded where they do not fairly and accurately represent the object or the place of the injury as it existed at the time of the accident." **Id**.

The record shows that Farrow called McGarrigle to testify about the condition of the room at the time Farrow fell. N.T., 12/12/2013, at 3-4. Both the trial court and counsel for the YMCA requested that the jury see pictures of the room to clarify what Farrow's counsel was describing to the jury. **Id**. at 17. McGarrigle testified that the pictures represented the room at the time Farrow fell, except that the "floor was different and these bicycles would not have been in there." **Id**. at 18. Based on these circumstances, as well as the fact that the YMCA conceded liability for the fall, we cannot see how publication of pictures to the jury of the room in which Farrow fell had any bearing, let alone prejudice, on the outcome of this case. Thus, the trial court did not abuse its discretion in admitting them.

Finally, Farrow contends the cumulative effect of all the prior errors entitles her to a new trial. Farrow's Brief at 28. However, Farrow cites to no

authority whatsoever for this proposition. Moreover, our review of Farrow's preserved issues does not reveal any prejudice to Farrow, let alone cumulative prejudice. Thus, we conclude Farrow is not entitled to relief on this basis.

Having concluded that all of Farrow's issues are either waived or without merit, we affirm the order of the trial court denying Farrow's motion for a new trial.

Judgment affirmed.

P.J.E. Bender joins the memorandum.

Judge Donohue concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2015